UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>                              **Plaintiff,**<br><br>          v.<br><br>**CHARLES A. AIKEN and AIKEN CONTINENTAL, L.L.C.,**<br><br>                              **Defendants.** | Civil Action No. 5:11-cv-01018 |

**FINAL JUDGMENT**

WHEREAS, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff, the Securities and Exchange Commission ("SEC" or "the Commission") has moved for the entry of judgment by default against Defendants Charles A. Aiken ("Aiken") and Aiken Continental, L.L.C. ("Aiken Continental"), based on their failure to answer in accordance with the orders of this Court or otherwise respond to the Commission's Complaint, and the Court having considered the *prima facie* case for relief shown by the Commission in this matter, which is supported by the full record, including the Complaint and those materials submitted by the Commission in support of its Motion for Default Judgment, which showing has not been rebutted by the Defendants;

WHEREAS, A default was entered by the Clerk of the Court against Charles A. Aiken and on June 19, 2012 and against Aiken Continental, LLC on May 2, 2012;.

WHEREAS, Defendant Aiken is not a minor, an incompetent person, nor a member of the military service of the United States.

WHEREAS, the Court accepts as true the following factual allegations in the Complaint against Defendants Aiken and Aiken Continental and finds:

1. This Court has jurisdiction over this matter pursuant to Sections 20 and 22 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t and 77v], and Sections 21 and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u and 78aa].

2. Venue is proper in this judicial district pursuant to Section 22 of the Securities Act, 15 U.S.C. § 77v, and Section 27 of the Exchange Act, 15 U.S.C. § 78aa, because many of the acts, transactions, and courses of business constituting the violations alleged in the Complaint occurred within the jurisdiction of this Court.

3. Defendants Aiken and Aiken Continental have directly or indirectly made use of the means or instrumentalities of interstate commerce, or of the mails, or the facilities of a national securities exchange in connection with the acts, practices, transactions, and courses of business alleged in the Complaint.

4. In October 2006, Raleigh County, West Virginia issued a total of $2.96 million of industrial development revenue ("IDR") bonds (the "Bonds") in three series to facilitate defendant Aiken Continental's acquisition of Continental Casket, Inc., a casket manufacturing facility located in Raleigh County (the "Transaction").  The Bonds were conduit bonds, which allow private entities to obtain municipal bond financing for projects that boost economic development for a particular locale.

5. Aiken Continental, the conduit borrower, had been formed by Charles A. Aiken ("Aiken") in August 2006 for the sole purpose of acquiring Continental Casket's assets, and was

responsible for making principal and interest payments on the Bonds.  Aiken was the sole owner, principal, officer, and director of Aiken Continental and Aiken Continental had no employees or operations prior to the Transaction's close.

6. In the months leading up to the Bonds' issuance, defendants Aiken and Aiken Continental concealed from the key participants to the Transaction -- including the underwriter, underwriter's counsel, trustee for the bondholders (the "Trustee"), bond counsel, and Raleigh County -- material information concerning Aiken's 2005 criminal indictment in the Southern District of Georgia for financial fraud.  Aiken signed a plea agreement shortly after the Bonds were issued, and received a sentence in April 2007 that included three months incarceration and another three months of home detention.

7. In the weeks prior to the Bonds' issuance, Aiken and Aiken Continental also failed to disclose to the key participants to the Transaction material facts concerning a $200,000 loan from Infrastructure Technical Services, LLC ("ITS") to Aiken and Aiken Continental, which was made to facilitate the closing of the Transaction (the "Loan").  The Loan required Aiken and Aiken Continental to repay the full $200,000 plus $100,000 interest by May 2007.  If the Loan plus interest was not repaid by then, the Loan agreement required Aiken to convey to ITS a twenty percent equity interest in Aiken Continental as collateral.

8. Material information concerning Aiken's indictment and the Loan was not disclosed in the Bonds' Official Statement, which was distributed to investors.  Representations in the Official Statement concerning Aiken's background were materially misleading due to the omission of information concerning Aiken's indictment.  Certain financial projections and debt coverage information in the Official Statement were materially misleading due to the lack of disclosure regarding the Loan.

9. Aiken and Aiken Continental knew, or were reckless in not knowing, that Aiken's indictment and arrest and the terms of the Loan were not disclosed in the Official Statement. Aiken signed the Official Statement on behalf of Aiken Continental and approved its dissemination to investors.

10. Following the close of the Transaction, Aiken pled guilty to a single count of misprision of felony, 18 U.S.C. § 4, in the Southern District of Georgia. He was sentenced to 90 days incarceration at a Federal Bureau of Prisons facility, 90 days home confinement, one year supervised release, and was ordered to pay $102,607.94 in restitution. Aiken served the 90-day incarceration, and served the 90-day home detention in Georgia.

11. The Bonds are now in default and the entire principal amount and accrued interest on all of the outstanding Bonds is due.

12. A hearing is unnecessary to determine the basis of the Commission's damages, because the Complaint, Declaration of Keshia West Ellis and exhibits thereto, supplemented by the Court's personal knowledge of the record to date, provides sufficient information in order to calculate the appropriate sum of disgorgement, prejudgment interest, civil monetary penalty, and expenses related to service of process with mathematical certainty.

13. Joint and several liability is appropriate in this matter because Aiken was the principal, sole officer and sole owner of Aiken Continental and acted through Aiken Continental. There was no effective difference between the actions of Aiken and Aiken Continental in conducting the fraud.

Now, therefore,

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion for Default Judgment Against Charles A. Aiken and Aiken Continental, L.L.C. is GRANTED.

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Aiken and Aiken Continental and their agents, servants, employees, attorneys, and all persons in active concert or participation with either of them who receive actual notice of this Default Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Aiken and Aiken Continental and their agents, servants, employees, attorneys, and all persons in active concert or participation with either of them who receive actual notice of this

Default Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Aiken and Aiken Continental are jointly and severally liable for disgorgement of $2,960,000.00 representing ill gotten gains resulting from the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $945,771 and a civil penalty in the amount of $780,000 ($130,000 as to Aiken and $650,000 as to Aiken Continental) pursuant to Section 20 of the Securities Act [15 U.S.C. § 77t] and Section 21 of the Exchange Act [15 U.S.C. § 78u].

Defendants shall satisfy this obligation by paying $4,685,771 within 14 days after entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying Aiken and Aiken Continental as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendants shall simultaneously transmit photocopies of such payment and

letter to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## V.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it

further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the Court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**VII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Default Judgment.

**VIII.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated this __18th__ day of __July__, 2012.

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA